[No. 31338.  Department Two.  July 20, 1950.]

E. L. TRAVERS, *Appellant*, v. RAY MURDOCK, *Respondent*.[1]

*Fred M. Bond*, for appellant.

*Kenneth W. Hill*, for respondent.

ROBINSON, J.—During the month of October, 1948, E. L. Travers sold his farm to Ray Murdock for twelve thousand dollars.  Located on the property was a building which Travers had used as a slaughterhouse, and which was equipped for this purpose.  This was a replevin action, brought by Travers to recover the slaughterhouse equipment which, he alleged in his complaint, had been unlawfully withheld from him by Murdock.  Murdock's answer alleged that it was the understanding of the parties that the equipment was to be included in the sale.  The cause was tried to a jury, which found for Murdock, and Travers has appealed.

[1] Reported in 220 P. (2d) 668.

At the trial, one Claude House, Jr., who prepared the legal papers involved in the sale, testified that he drew up a deed to the property itself, and also a bill of sale purporting to dispose of the slaughterhouse equipment for an additional consideration of one thousand dollars. He further testified that he brought both of these papers to the meeting at which the parties concluded the transaction. The deed was delivered to Murdock, but not the bill of sale. Both Murdock and his wife testified that he, Murdock, never saw the latter document. Murdock's testimony indicated that he had supposed that the slaughterhouse equipment was included within the original sale price of twelve thousand dollars, and he stated that it was never his understanding that an additional one thousand dollars should be paid for it. Travers, on the other hand, testified that the bill of sale was shown to Murdock, and that he read it; but stated that, at the time, Murdock indicated that he had not finally made up his mind as to whether or not he wanted to buy the equipment. Although House did not remember whether the bill of sale was actually shown to Murdock, he testified specifically that the latter had decided not to buy the equipment covered by it. His exact testimony was as follows:

"Q. Did he [Murdock] say anything about the bill of sale? A. Yes. Q. What did he say? A. That he did not want to buy the slaughter house and equipment. Q. That was at the time he got the deed? A. Yes."

In this state of the record, the trial court, apparently because it was not clear that Murdock had ever seen the bill of sale, refused to admit it into evidence. We think that this was reversible error. Respondent's contention was that the major items of disputed equipment were fixtures, part of the premises, and that it was the understanding of the parties that they were to be transferred by the deed. Appellant argued, on the other hand, that these items were covered by the bill of sale which Murdock had refused to accept, having decided not to buy the equipment, or at least not having made up his mind on the matter. Therefore, appellant urged, Travers remained the owner of these items. It would appear from this that the introduction into evi-

dence of the bill of sale was necessary to the proper development of appellant's case, and that he had the right to have this document considered by the jury. The testimony of House, presumably an impartial witness, indicated that the bill of sale had been brought to the meeting at which the transaction was closed. Whether it was actually shown to Murdock, which was disputed, and, if so, what understanding the parties finally reached relative to the items described in it, were among the factual questions for the jury to resolve.

In view of the disposition which is to be made of this case, it is unnecessary to consider appellant's remaining assignments of error.

The judgment is reversed and the cause remanded for a new trial.

SIMPSON, C. J., MALLERY, HILL, and HAMLEY, JJ., concur.